UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHAWN NEWTON,

                    Petitioner,

    -against-

DAVID G. TRAGER and
SUSAN MACDERMOTT,

                    Respondents
-----------------------------------------------------------x
SHAWN NEWTON,

                    Petitioner,

    -against-

U.S. GOVERNMENT,

                    Respondent
-----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

09-CV-2716 (ENV)

09-CV-3606 (ENV)

VITALIANO, United States District Judge:

    Pro se petitioner Shawn Newton ("Newton"), who is currently incarcerated at the Federal Medical Center in Butner, North Carolina, has filed two additional petitions ostensibly pursuant to 28 U.S.C. § 2241 ("§ 2241"). For the following reasons, the petitions are dismissed, and Newton is directed to show cause why he should not be enjoined from filing future petitions without leave of the Court.

## BACKGROUND

    Newton has previously filed multiple similar submissions in this Court, each consisting of nearly illegible handwritten allegations on form petitions for a writ of habeas corpus pursuant to § 2241. On June 12, 2009, he filed a petition naming David G. Trager and Susan MacDermott as respondents. Like several of his previous filings, this submission purports to challenge Newton's November 28, 2002 conviction in this Court for violating 18 U.S.C. § 922(g)(1). United States

v. Newton, 01 CR 0126 (DGT). Although it is difficult to discern the claims in this petition, the Court finds reference to a dismissed state court indictment as well as the subsequent federal indictment and conviction.

On August 10, 2009, Newton filed another petition, also on a form petition, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Here, he argues that his custody is unlawful under the provisions for criminal forfeiture of Rule 32.2 of the Federal Rules of Criminal Procedure. (Aug. 10, 2009 Pet. at 2-3.) However, the attachments to the form petition, consisting of two pages of illegible handwriting and two non-consecutive pages of transcripts from unidentified court proceedings, fail to shed any light on these claims. There is also a request to "please send me my discovery under 3500 material tape recording or paperwork." (Second page of the handwritten attachment.) Other than his November 28, 2002 conviction in docket number 01-CR- 0126 , Newton does not have any criminal matters in this Court.

Newton has previously filed a habeas petition pursuant to 28 U.S.C. § 2255 challenging the November 28, 2002 conviction. Newton v. United States, 04 CV 3885 (DGT), 2007 WL 2891405 (E.D.N.Y. Sept. 28, 2007)(dismissing the petition). The Court considered his double jeopardy claims on habeas review and in Newton's subsequent motions and found them to be wholly without merit. See Newton, 2007 WL 2891405, at *3.

## DISCUSSION

### A. No Basis for Relief Under 28 U.S.C. § 2241

A prisoner"in custody in violation of the Constitution or laws or treaties of the United States" can file a habeas corpus petition in federal court. 28 U.S.C. § 2241(c)(3). However the

application of this provision is limited by sections 2254 and 2255 of that title, which provide separate mechanisms for state and federal prisoners challenging the legality of their convictions or sentences. "[A]s a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States." Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001) (citing Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)). A federal prisoner challenging his conviction or sentence may file a § 2241(c)(3) petition only in certain limited situations where § 2255 is an inadequate or ineffective remedy and "when the failure to allow for some form of collateral review would raise serious constitutional questions." Triestman, 124 F.3d at 377 (interpreting the "savings clause" of 28 U.S.C. § 2255(e)).

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), contains a number of restrictions, however, and a petitioner challenging his conviction or sentence is limited to a single petition pursuant to § 2255, unless a second or successive motion "is certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. However, this unavailability of a second or successive § 2255 petition is not grounds for application of the savings clause in § 2255(e), unless the prisoner is asserting "actual innocence" and "could not have effectively raised his claim of innocence at an earlier time." Triestman v. United States, 124 F.3d 361, 363 (2d Cir.

1997); see also Jiminian, 245 F.3d at 147-148 ("We now hold that § 2255 is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion.").

In this case, Newton has already filed the one petition pursuant to § 2255 to which he is entitled. He does not assert "actual innocence" nor the prior unavailability of a new claim raising serious constitutional questions, such that he could invoke the savings clause of § 2255(e). Accordingly, he is precluded from challenging the constitutionality of his conviction or sentence by way of a petition pursuant to § 2241.

## B. Frivolous Filings

Newton has filed at least ten prior petitions pursuant to § 2241.[1] All twelve petitions and at least six additional civil actions pursuant to 42 U.S.C. § 1983 were dismissed sua sponte by the Court.[2] Newton was previously warned about the "three strikes" provision of the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(g), which mandates the revocation of a prisoner's in forma pauperis status after the prisoner files three or more civil actions under 28 U.S.C. § 1915 that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See Newton v. Issurance Company, 08 CV

---

[1] See 01 CV 1021 (DGT), 06 CV 5393 (DGT), 08 CV 1147 (DGT), 08 CV 3494 (ENV), 08 CV 3624 (ENV), 08 CV 3693 (ENV), 08 CV 3695 (ENV), 08 CV 3696 (ENV), 08 CV 3697 (ENV), and 08 CV 3886 (ENV).

[2] See Docket Nos. 01 CV 2855 (DGT), 01 CV 2875 (DGT), 05 CV 1570 (DGT), 08 CV 0850 (DGT), 08 CV 4128 (ENV), 08 CV 4129 (ENV). Moreover, two additional actions were improperly filed in this Court and were subsequently transferred to other district courts. See Docket Nos. 08 CV 4268 (ENV) and 08 CV 4685 (ENV).

4128 (ENV), slip op. (E.D.N.Y. Oct. 24, 2008).

Newton may believe that he can avoid the imposition of the "three strikes" bar by filing petitions for a writ of habeas corpus. See Reyes v. Keane, 90 F.3d 676, 678 (2d Cir. 1996)(concluding that the PLRA does not apply to petitions for a writ of habeas corpus), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 336 (1997). However, the same underlying principles may require the same result: "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000)(internal quotations and citations omitted). Newton was previously warned that filing frivolous litigation could result in limitations on his opportunity to initiate such petitions. See, e.g., Newton v. MacDermott, 08 CV 3886 (ENV), slip op., 2008 WL 4773624, *2 (E.D.N.Y. Oct. 28, 2008).

Courts considering imposing a filing injunction must consider the following five factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986). As noted above, Newton has an extensive history of filing vexatious petitions and civil actions, with no expectation of prevailing on § 2241 petitions that are improperly filed and without merit. The Court has been burdened by the need to consider each of his claims and has found it necessary to dismiss the ten previous

petitions and six additional civil actions. No other sanction is likely to be effective, as Newton is incarcerated, has limited financial resources, and has ignored the Court's prior warnings.

Accordingly, Newton is directed to show cause, within 30 days, as to why he should not be enjoined from filing any further petitions or other documents with this Court challenging his November 28, 2002 conviction or the September 28, 2007 denial of his habeas petition, without first seeking leave of the Court. See In re McDonald, 489 U.S. 180, 184 (1989)(barring a frequent pro se litigant from filing petitions for extraordinary writs); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (stating the "unequivocal rule" requiring courts to provide notice and an opportunity to be heard before imposing a filing injunction on habeas petitioner with a penchant for filing frivolous and duplicative claims).

## CONCLUSION

For the foregoing reasons, the above-captioned petitions are dismissed. Newton is directed to show cause within 30 days why an injunction should not issue prohibiting him from filing additional in forma pauperis petitions in this Court, without first seeking leave of the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 28, 2009
      Brooklyn, New York

ERIC N. VITALIANO
United States District Judge